UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORIO PEREZ LOZA, | ) | |
| Petitioner, | ) | 3:06-CV-00450-LRH-VPC |
| vs. | ) | |
| DWIGHT NEVEN, *et al.*, | ) | **ORDER** |
| Respondents. | ) | |

Petitioner has filed an Ex Parte Motion for Appointment of Counsel (docket #11) asserting that the issues in his case are complex and that he is unable to adequately represent himself.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is well written and sufficiently clear in presenting the issues that petitioner wishes to bring. It does not appear that counsel is justified in this instance. The motion shall be denied.

1     **IT IS THEREFORE ORDERED** that the motion for appointment of counsel

2  (docket #11) is **denied**.

3     Dated this 16th day of November, 2006.

4

5

6

                      LARRY R. HICKS
7                  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2